UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS SANCHEZ-ALFONSO, ) | |
| ) | CASE NO. C12-1923-RSM-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO COMPEL |
| ERIC H. HOLDER, JR., Attorney General of ) | DISCLOSURE/DISCOVERY |
| the United States, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

On November 20, 2012, petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention. (Dkt. No. 7.) The same day, the Court ordered respondents to file a return to the petition within thirty days after service. (Dkt. No. 9.) Pursuant to the Court's Order, respondents' return is due on or about on December 26, 2012. (Dkt. Nos. 9, 10, 11.)

In the meantime, petitioner filed a motion to compel disclosure/discovery against respondent Lowell Clark for "failure to comply" with petitioner's discovery request submitted on a detainee request form. (Dkt. No. 14.) In particular, petitioner requests that Mr. Clark apprise him of the "full name and alien number of a Cuban alien that was released from [the

ORDER DENYING PETITIONER'S MOTION
TO COMPEL DISCLOSURE/DISCOVERY
PAGE -1

Northwest Detention Center ("NWDC")] on 11/08/2012 and who was housed in unit F2 during his stay therein." (Dkt. No. 14 at 3.) In support of his request, petitioner states, "Given that said alien is in the same or similar posture as me, a person from Cuba, acquiring his name and alien number to seek additional info of him is relevant to my second claim in my habeas petition to deduce if I'm being treated equally as the other Cuban aliens in my situation." *Id*. at 4.

The Court, having considered petitioner's motion to compel disclosure/discovery, and the balance of the record, finds and ORDERS as follows:

(1) Petitioner's motion to compel disclosure/discovery (Dkt. No. 14) is DENIED. The Supreme Court has held that discovery in habeas proceedings should not be granted unless petitioner can show good cause for review beyond the record. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also* 28 U.S.C. § 2254 Rule 6(a), as applied to 28 U.S.C. § 2241 petitions via 28 U.S.C. § 2254 Rule 1(b). Here, petitioner does not challenge the fact or duration of his confinement. Rather, petitioner alleges disparate treatment, which relates to the conditions and circumstances of his confinement at the NWDC. Under 28 U.S.C. § 2241, habeas corpus relief is available to a prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). Habeas corpus is not available to petitioners complaining of disparate treatment during their confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. *See Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In light of the fact that petitioner's request for disclosure/discovery is unrelated to his claims for habeas relief, petitioner has not shown good

01 cause for discovery.

02 (2) The Clerk shall direct copies of this Order to petitioner, to counsel for respondents, 03 and to the Honorable Ricardo S. Martinez.

04 DATED this 21st day of December, 2012.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
TO COMPEL DISCLOSURE/DISCOVERY
PAGE -3